**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 15 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  MGM MIRAGE SECURITIES LITIGATION, <br><br> ------------------------------- <br><br> LUZERNE COUNTY RETIREMENT SYSTEM; PHILADELPHIA BOARD OF PENSIONS AND RETIREMENT; ARKANSAS TEACHER RETIREMENT SYSTEM; STICHTING PENSIOENFONDS METAAL EN TECHNIEK, Lead Plaintiffs, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> NICKOLAS A. KACPROWSKI, <br><br> Objector-Appellant, <br><br> v. <br><br> MGM MIRAGE, AKA MGM Resorts International; JAMES J. MURREN; DANIEL J. D'ARRIGO; ROBERT C. BALDWIN; DEBORAH HOWER LANNI, Co-Executor of the Estate of J. Terrence Lanni, <br><br> Defendants-Appellees. | No.   16-15534 <br><br> D.C. No. 2:09-cv-01558-GMN-VCF <br><br> MEMORANDUM[*] |

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Submitted September 13, 2017[**]
San Francisco, California

Before: SCHROEDER and TALLMAN, Circuit Judges, and WHALEY,[***] Senior District Judge.

Objector Nickolas Kacprowski appeals the district court's approval of a $75 million settlement in a securities fraud class action related to a construction on the Las Vegas strip. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** Kacprowski has standing to appeal the issues raised because he timely objected to the approval of the settlement, *see Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 572–73 (9th Cir. 2004), and we examine the settlement taken as a whole, rather than its individual component parts, for overall fairness, *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).[1]

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Robert H. Whaley, Senior United States District Judge for the Eastern District of Washington, sitting by designation.

[1]     Although he has not filed a claim form, Kacprowski also has standing to appeal the fee award because he appeals the settlement as a whole, and not only the fee award. *Cf. Stetson v. Grissom*, 821 F.3d 1157, 1163–64 (9th Cir. 2016) (objector who fails to participate in settlement and objects *only* to class counsel's fees generally does not have standing to appeal the fee award); *Knisley v. Network Assocs., Inc.*, 312 F.3d 1123, 1126 (9th Cir. 2002) (standing issues arise when objector fails to participate in settlement and appeals *only* the fee award); *see also*

**2.** The extensive notice efforts here satisfied the requirements of due process and Federal Rule of Civil Procedure 23(c)(2). *See Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1374 (9th Cir. 1993). The claims administrator, Gilardi & Co. LLC, mailed over 200,000 notices of the proposed settlement to potential class members, including 252 institutions holding securities for the benefit of their clients (i.e., nominee holders), approximately 4,200 financial institutions registered with the SEC, and 456 institutions that monitor securities class actions for their investor clients and regularly act on their behalf. Before mailing notices, Gilardi checked the potential class members' names and addresses against the U.S. Postal Service's National Change of Address database to identify any address changes. And, it re-mailed notices returned as undeliverable after investigating the potential class members' alternative or updated address information using private databases and address locator services.

Gilardi also published the settlement notice in the national edition of *Investor's Business Daily*, over a national newswire service, *PR Newswire*, and on the Depository Trust Company's Legal Notice System, and it established and actively maintained a settlement-specific website (www.mgmmiragesecurities litigation.com). Lastly, the parties sought and obtained a continuance of the

---

*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 948–49 (9th Cir. 2011) ("[T]he class recovery and the agreement on attorneys' fees should be viewed as a 'package deal.'").

settlement hearing and an extension of the deadlines to permit more time for absent class members to receive notice, opt out, object, and submit their claims.[2] We conclude that these procedures gave sufficient time and adequate notice "to all class members whose names and addresses may be ascertained through reasonable effort," *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974), and provided "the best practicable notice under the circumstances," *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994).

**3.** The district court did not clearly abuse its discretion in approving the settlement here. *See Allen v. Bedolla*, 787 F.3d 1218, 1222 (9th Cir. 2015). In determining that the settlement was fair, reasonable, and adequate, the district court sufficiently considered the *Churchill* factors, 361 F.3d at 575, found that the settlement was not the product of collusion among the negotiating parties, and gave "a reasoned response to all non-frivolous objections." *Allen*, 787 F.3d at 1224; *see In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011).[3]

---

[2] The district court also continued the settlement hearing a second time sua sponte.

[3] For example, the district court found that the parties had sufficient information to make an informed decision about the settlement because, among other things, discovery produced over nine million pages of documents that the parties "reviewed and analyzed significantly." And, in objecting to the settlement's approval, Kacprowski conceded that he did not have access to that information.

4

In addition, the parties reached a settlement after extensive negotiations before a nationally recognized mediator, retired U.S. District Judge Layn R. Phillips. Among other things, the district court properly relied on Judge Phillips's declaration stating that the settlement "represent[ed] a well-reasoned and sound resolution of highly uncertain litigation" and was "the product of vigorous and independent advocacy and arm's-length negotiation conducted in good faith." Lastly, the district court's approval of the settlement withstands the higher level of scrutiny that we apply "when a settlement is negotiated absent class certification" because none of the subtle signs of collusion we identified in *Allen* and *Bluetooth* were present here.[4] *Allen*, 787 F.3d at 1224; *see Bluetooth*, 654 F.3d at 947.

**4.** Nor did the district court abuse its discretion in approving the allocation plan, which set a minimum threshold of $10 to receive a distribution from the settlement fund. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 460 (9th Cir. 2000). It was not clearly erroneous for the district court to find that issuing very small checks to class members would cause a disproportionate administrative

---

[4] We reject Kacprowski's argument that "evidence of collusion between the parties was present in the form of a clear sailing provision," because the settlement provision providing that Defendants "shall take no position" as to Plaintiffs' fee application, neither set a ceiling for the amount of fees Plaintiffs could request, *see Allen*, 787 F.3d at 1224, nor provided for the payment of fees separate and apart from class funds, *see Bluetooth*, 654 F.3d at 947; *see also id.* at 948 (stating that the presence of a neutral mediator is "a factor weighing in favor of a finding of non-collusiveness").

expense to the fund because of the costs of mailing the checks, tracking and accounting for each payment, following up on uncashed checks, and reissuing checks not cashed during their valid periods. The district court properly relied on uncontroverted evidence showing that smaller checks, such as those under $10, in many instances are never cashed. In addition, the court cited numerous cases that have approved similar or higher minimum thresholds. *See, e.g.*, *Destefano v. Zynga, Inc.*, No. 12-CV-04007-JSC, 2016 WL 537946, at \*15 (N.D. Cal. Feb. 11, 2016) ($10 threshold); *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, No. 02-MDL-1484JFK, 2007 WL 4526593, at \*12 (S.D.N.Y. Dec. 20, 2007) ($50 threshold).

**5.** Lastly, the district court did not abuse its broad discretion in awarding class counsel the benchmark award of 25% of the settlement fund as attorneys' fees. *See Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000). There were no special circumstances here indicating that the 25% benchmark award was either too small or too large. *See Torrisi*, 8 F.3d at 1376–77.

Objector shall bear all costs of appeal. *See* Fed. R. App. P. 39(a)(2).

**AFFIRMED.**