NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARGIE BEDOLLA; et al.,<br><br>    Objectors-Appellants,<br><br> v.<br><br>JEFFREY LEE ALLEN, on behalf of himself, all others similarly situated, the general public and as an "aggrieved employee" under the California Labor Code Private Attorneys General Act,<br><br>    Plaintiff-Appellee,<br><br>LABOR READY SOUTHWEST, INC., a Washington corporation doing business in the State of California; DOES, 1-50, inclusive,<br><br>    Defendants-Appellees. | No. 16-56621<br><br>D.C. No.<br>2:09-cv-04266-DDP-AGR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted May 15, 2018[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Pasadena, California

Before:  WARDLAW, NGUYEN, and OWENS, Circuit Judges.

Objecting settlement-class members Margie Bedolla, Anthony Allen, and Michael Alvarez (collectively, "the Objectors") appeal from the district court's September 2016 order granting final approval to a settlement resolving Jeffrey Lee Allen's[1] class-action wage and hour claims against Labor Ready Southwest, Inc. ("Labor Ready").  As the parties are familiar with the facts, we do not recount them here.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[2]

1.  On remand, the district court conducted a "more searching inquiry" as we ordered in 2015.  *Allen v. Bedolla*, 787 F.3d 1218, 1223–25 (9th Cir. 2015) (*Allen I*) (quoting *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 938 (9th Cir. 2011)).  It is true that the 2016 settlement agreement contains the same three "subtle signs" of collusion as the 2013 settlement agreement.  But this time, the district court's final approval order—and the transcripts of the four approval hearings the court held before granting final approval—"provide adequate assurance" that the district court verified the fairness of the settlement agreement notwithstanding those three red flags.  *Bluetooth*, 654 F.3d at 947.

---

[1]  This memorandum uses "Mr. Allen" only to refer to Jeffrey Lee Allen.

[2]  As briefing is now complete, we deny as moot the motion for summary disposition.  Circuit Rule 3-6.

First, the district court made express findings about the value of the nonmonetary relief, as we instructed in *Allen I*. *See* 787 F.3d at 1225. That valuation (between $6.4 million and $10.7 million), considered along with the monetary relief, supports the district court's finding that attorney's fees of 27 percent of the settlement fund were warranted based on the results obtained.[3] *See id.*

Second, the district court considered several rounds of briefing and argument on the release carve-out sought by the Objectors, and denied preliminary approval to an earlier draft of the settlement agreement because it inadequately carved out certain claims.

Third, the district court heard argument from the settling parties and the Objectors on whether to honor the claims submitted in response to notice of the 2013 settlement agreement. The 2016 final approval order directs Labor Ready to honor the non-redundant 2013 claims as Objectors urged, bringing the total class participation rate to over 9 percent.

Fourth, while the district court did not make "express findings . . . on what it considered to be a reasonable lodestar amount," *id.*, the district court did consider

---

[3] Despite the Objectors' criticisms of the settling parties' expert valuation of the nonmonetary relief, the district court did not abuse its discretion in accepting this valuation, as the Objectors made no attempt to provide a different valuation to the district court.

briefing and argument regarding the lodestar calculation of class-counsel attorney's fees, indicating that it considered that lodestar calculation in determining the reasonableness of the 27 percent figure.

Altogether, on remand the district court held a status conference and four hearings on the fairness of various drafts of the settlement agreement. The district court considered the transient nature of the class, the difficulty of providing monetary relief to the absent class members, and whether it would be better for the class to deny approval and allow the remaining claims to go to trial. As the district court judge who had presided over this litigation since 2009, Judge Pregerson was particularly well-positioned to evaluate the negotiating positions of the settling parties and the reasonableness of the resulting settlement. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). Judge Pregerson asked the settling parties specifically and repeatedly about the three "subtle signs" of collusion identified in *Allen I* and ultimately concluded that their explanations were satisfactory.

Accordingly, the district court followed our instruction to conduct a "more searching inquiry" into the substantive fairness of this settlement agreement, and has "show[n] it has explored comprehensively all factors, and [has given] a reasoned response to all non-frivolous objections." *Allen I*, 787 F.3d at 1223–24 (citations omitted).

2. The district court did not abuse its discretion in finding that the settlement is fair, adequate, and reasonable. Fed. R. Civ. P. 23(e)(2); *Allen I*, 787 F.3d at 1222.

The district court properly concluded that the settlement as a whole provides value to the class. *See Hanlon*, 150 F.3d at 1026. In this case, unlike in *Koby v. ARS National Services, Inc.*, 846 F.3d 1071, 1079 (9th Cir. 2017), the settling parties indicated that the relief afforded by the settlement has value to the members of this particular class.[4] And unlike in *Koby*, in this case unnamed class members also received monetary relief, notice, and the opportunity to opt out. Next, even assuming that the Cash Dispensing Machines' removal provided no value to the class, the settlement includes other, truly prospective nonmonetary relief—such as Labor Ready's agreement to post specific notices in its California branch offices, and to train and audit its staff on compliance with labor laws applicable to temporary workers—which the settlement in *Koby* did not, *see id*. Finally, training employees on California labor law and auditing branch offices for compliance constitutes more than simply "abiding by the law."

---

[4] Contrary to the Objectors' assertion, the district court did not "find" that the settlement contained no valuable nonmonetary relief; rather, it objected to the settling parties' use of the legal term of art "injunctive relief" to refer to nonmonetary relief negotiated absent a court order.

While this settlement honors two sets of claims, where the first set of claims executes a broader release than the second set of claims for the same amount of monetary relief, this discrepancy is justified because the first set of claimants affirmatively accepted the broader release terms by sending in a claim form executing the broader release. And while the district court's final approval order does not explicitly clarify which release applies to settlement-class members who *never* submitted a claim form, the district court specifically retained jurisdiction over "all matters relating to the interpretation, administration, implementation, effectuation and enforcement" of its approval order and the settlement, so presumably it can resolve any future disputes over the meaning of the "applicable release" clause in its own order. The ambiguous phrasing of the order is not an abuse of discretion.

The Objectors have not argued that the district court applied the wrong law or relied on an unreasonable finding of fact in granting final approval to the settlement with Mr. Allen and his counsel as adequate class representatives. *See Allen I*, 787 F.3d at 1222. Particularly considering its six years of experience with these parties, *see Hanlon*, 150 F.3d at 1026, the district court did not abuse its discretion in doing so.

**AFFIRMED.**

6