**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JEFFREY LEE ALLEN, on behalf of himself, all others similarly situated, the general public and as an "aggrieved employee" under the California Labor Code Private Attorneys General Act,
    *Plaintiff-Appellee*,

and

LABOR READY SOUTHWEST, INC., a Washington corporation doing business in the State of California,
    *Defendant-Appellee*,

v.

MARGIE BEDOLLA; ANTHONY A. ALLEN; MICHAEL ALVAREZ; TYLER FARMER,
    *Movants-Appellants*.

No. 13-55106

D.C. No. 2:09-cv-04266-DDP-AGR

JEFFREY LEE ALLEN, on behalf of himself, all others similarly situated, the general public and as an "aggrieved employee" under the California Labor Code Private Attorneys General Act,
*Plaintiff-Appellee*,

and

LABOR READY SOUTHWEST, INC., a Washington corporation doing business in the State of California,
*Defendant-Appellee*,

v.

MARGIE BEDOLLA; ANTHONY A. ALLEN; MICHAEL ALVAREZ; TYLER FARMER,
*Objectors-Appellants*.

No. 13-56685

D.C. No.
2:09-cv-04266-DDP-AGR

OPINION

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted
February 4, 2015—Pasadena California

Filed June 2, 2015

Before: Stephen Reinhardt and Ronald M. Gould, Circuit Judges, and J. Frederick Motz, Senior District Judge.[*]

Opinion by Judge Gould

## SUMMARY[**]

### Class Action

The panel affirmed the district court's order denying Objectors' motion to intervene, and vacated the district court's order granting final approval to a class action settlement between day laborers and Labor Ready Southwest, a temporary staffing agency, in a putative class action brought by plaintiff Jeffrey Lee Allen against Labor Ready Southwest, alleging violations of the federal Fair Labor Standards Act and California wage and hour and unfair competition laws.

Plaintiff alleged that Labor Ready illegally failed to pay employees for their wait and travel times, and had taken unlawful paycheck deductions by providing cash disbursement machines and charging for their use. The Objectors to the settlement are plaintiffs in other uncertified class actions against Labor Ready pending in California state courts raising employment-related claims.

[*] The Honorable J. Frederick Motz, Senior United States District Judge for the District of Maryland, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel held that the Objectors' motion to intervene was untimely because the motion was filed after four years of ongoing litigation, on the eve of settlement, and threatened to prejudice settling parties by potentially derailing settlement talks.

The panel held that the district court did not satisfy the procedural standard, outlined in *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011), in determining the settlement's substantive fairness. The panel took no position on the substantive fairness of the agreement, vacated the final settlement approval, and remanded so that the district court could conduct a more searching inquiry.

Because the panel vacated and remanded final approval of the settlement, the panel also vacated the attorneys' fee award to class counsel. Upon remand, the panel directed the district court to provide the entire class – and not just the Objectors – the opportunity to review class counsel's completed fee motion and to submit objections if they so choose.

**COUNSEL**

Melissa Grant and Glenn A. Danas (argued), Capstone Law APC, Los Angeles, California, for Objectors-Appellants.

Mark R. Thierman and Joshua D. Buck, Thierman Law Firm, P.C., Reno, Nevada; Joseph Cho and Ronald H. Bae, Aequitas Law Group, APLC, Los Angeles California; Chaim Shaun Setareh (argued), Law Office of Shaun Setareh, APC, Beverly Hills, California, for Plaintiff-Appellee.

David R. Ongaro (argued), Thompson & Knight LLP, San Francisco, California, for Defendant-Appellee.

**OPINION**

GOULD, Circuit Judge:

We review the district court's approval of a class action settlement, between day laborers and Labor Ready Southwest, that was negotiated in the absence of a certified class. Appellants, objectors to the settlement, appeal the district court's final approval of the settlement, as well as the district court's denial of their motion to intervene. They raise contentions about whether the approved settlement is fair, reasonable and adequate. We have jurisdiction under 28 U.S.C. § 1291. We affirm the denial of the motion to intervene. Our high procedural standard for review of class action settlements negotiated without a certified class leads us to vacate the order granting final approval to the settlement and the award of attorneys' fees, and to remand to the district court for further proceedings.

**I**

Labor Ready Southwest ("Labor Ready") is a temporary staffing agency, providing day laborers to businesses in need of labor help. The employees work for the businesses that require labor, but they remain employees of Labor Ready, which pays the employees, though not for time spent waiting for assignments at Labor Ready's local offices, and not for time spent traveling from the local office to the businesses that need labor. Labor Ready also allowed employees to receive a paycheck or alternatively to use a cash disbursement

machine ("CDM") in its facility.  The fee for using the CDM was one dollar plus any change from the paycheck amount less than a full dollar.

### The Underlying Litigation

Plaintiff-Appellee Jeffrey Lee Allen ("Allen")[1] filed this putative class action in California state court in April 2009. Allen claimed violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, as well as California wage and hour and unfair competition laws alleging that, *inter alia*, Labor Ready had illegally failed to pay employees for their wait and travel times, and had taken unlawful paycheck deductions by providing CDMs and charging for their use.

Margie Bedolla, Anthony A. Allen, Michael Alvarez and Tyler Farmer (collectively "Objectors-Appellants" or "Objectors"), are the plaintiffs in other uncertified class actions against Labor Ready pending in California state courts.  The first of these was filed in September 2010, and the other three were filed in November 2011.  The Objectors' suits raise similar wage and hour claims, and also meal and rest break claims that were not raised by Allen.

Labor Ready removed Allen's suit to the Central District of California.  Class certification was denied in that case.  In March 2011, the district court granted summary judgment to Labor Ready on all claims except for Allen's claims regarding Labor Ready's use of CDMs and related state law claims, which were remanded to state court after the district

---

[1] Plaintiff Jeffrey Allen is no relation to Objector Anthony A. Allen.

court declined to exercise its supplemental jurisdiction. Allen appealed that ruling to the Ninth Circuit.[2]

## The Settlement Agreement

The parties previously attempted two unsuccessful mediations, but while Allen's state and federal appeals were pending, the parties entered mediation a third time and were successful, leading to a proposed settlement in October 2012. The parties then jointly moved to remand the case to the district court for settlement, and we remanded.

Three key provisions of the settlement are at issue here. (1) There was a gross settlement fund of $4.5 million. From that fund, Labor Ready agreed to pay each class member who submits a claims form within 45 days of the class notice $10 for non-CDM claims and $25 for class members who used the CDMs during the class period. There is no minimum payout and all of the money in the settlement fund not paid toward attorneys' fees, administration costs, or to class members who submit claims reverts to Labor Ready. (2) There was injunctive relief, whereby Labor Ready will shut down the CDMs throughout California and replace them with an electronic paycard through which workers receive their pay daily without charge; further, Labor Ready will provide training to staff regarding compliance with meal and rest

---

[2] Subsequently, the state court on remand granted Labor Ready's motion to compel arbitration of nearly all of Allen's claims, and both parties appealed the decision to the California Court of Appeal. At the time of settlement, the parties' appeals in state and federal court were still pending. Of Objectors' cases, one was sent to individual arbitration, one is proceeding to classwide arbitration, one is proceeding in arbitration on an opt-in classwide basis, and one is set to be arbitrated on a representative basis.

break and overtime laws and committed to an audit to ensure compliance with those laws, and Labor Ready will post notices in its branch offices telling workers they need not wait in the office for work and provide business cards informing them of their rights under state labor laws. (3) There was an agreement on attorneys' fees for Allen's counsel (the class counsel), under which Labor Ready would not contest an award of 25% of the $4.5 million common fund (i.e., $1.125 million).

The settlement releases or forecloses all of the claims that Allen asserted, or could have asserted, against Labor Ready, including meal and rest break claims that he did not make, except that class members who do not make a claim will not release any claims under FLSA, and class members who opt out will not be held to release any claims made in the lawsuit for individual relief.

After preliminary approval was granted in April 2013, notice was mailed to 210,224 potential class members. Under the terms of the class notice and the district court's preliminary approval order, all objections, opt outs, and claims were required to be mailed by July 15, 45 days after the class notice was sent. In response, 14,947 people submitted timely and valid claim forms. Thus, the Labor Ready's maximum possible payout to the class is $373,675, assuming that every person who submitted a claim used the CDMs and is entitled to the higher relief amount of $25.

Upon learning details of the prospective settlement through communications with Labor Ready in their separate suits, Objectors sought to intervene as of right and to intervene permissively in Allen's case. The district court

denied their motion, but granted Objectors leave to object at the preliminary approval stage.

After a final fairness hearing, the district court issued an order approving the settlement on August 27, 2013. The district court determined that the notice procedure satisfied federal law and due process. The order noted that the four Objectors had raised concerns, but overruled them. The district court found that the settlement terms were fair, reasonable and adequate to the class, and awarded $1.125 million in attorney's fees, finding that figure (25% of the common fund) fair and reasonable.

Objectors' appeals of the denial of their intervention motion and of final settlement approval timely followed.

## II

The settlement of a class action must be fair, adequate, and reasonable. Fed. R. Civ. P. 23(e)(2). We review a district court's approval of a class-action settlement for a clear abuse of discretion. *See Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 963 (9th Cir. 2009). "A court abuses its discretion when it fails to apply the correct legal standard or bases its decision on unreasonable findings of fact." *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1038 (9th Cir. 2011).

Denial of a motion to intervene as of right is reviewed *de novo*, except for the timeliness prong which is reviewed for an abuse of discretion. *Chamness v. Bowen*, 722 F.3d 1110, 1121 (9th Cir. 2013). Denial of a motion for permissive intervention is reviewed for an abuse of discretion. *Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*, 712 F.3d 1349, 1352 (9th Cir. 2013).

## III

We affirm the district court's decision to deny Objectors' untimely motion to intervene. While the district court did not explain its decision to deny the motion, we may affirm on any basis supported by the record, whether or not relied upon by the district court. *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 686 (9th Cir. 2007). Here, the Objectors knew of the Allen litigation, which had been ongoing for four years, for at least a year before they moved to intervene and had regularly asked Labor Ready about the status of settlement talks in Allen's case. A timely motion is required for the granting of intervention, whether as a matter of right or permissively. *See Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) (intervention as of right); *Nw. Forrest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996) (permissive intervention).

Objectors argue that under *United States v. Carpenter*, a motion to intervene as of right can be timely even though an action has been pending for some time—in *Carptenter*, eighteen months—when the intervenors act promptly after receiving notice of a proposed settlement that would not adequately represent their interests. 298 F.3d 1122, 1124 (9th Cir. 2002). But *Carpenter* involved a government entity not representing intervenors' interests. *Id.* at 1125. Its reasoning was grounded in the need to encourage the assumption that when the government is a party, the interests of others will be protected. *Id.* Here, the government is not a party.

We are not persuaded that Objectors' motion was timely, because the motion was filed after four years of ongoing litigation, on the eve of settlement, and threatened to prejudice settling parties by potentially derailing settlement

talks, and especially where Objectors' concerns could largely be addressed through the normal objection process.[3]  *See Orange Cnty. v. Air Cal.*, 799 F.2d 535, 537–38 (9th Cir. 1986).

# IV

We next address Objectors' contentions regarding the settlement itself.  We have set a high procedural standard for settlements that, like the one at issue here, occur without a certified class.  Applying that standard, we vacate final approval and remand to the district court so that it can conduct a "more searching inquiry into the fairness of the negotiated distribution of funds, as well as consider the substantive reasonableness of the attorneys' fee request in light of the degree of success attained."  *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 938 (9th Cir. 2011) ("*Bluetooth*").

# A

A difficult balancing act almost always confronts a district court tasked with approving a class action settlement. On the one hand, we have repeatedly noted that "there is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned."  *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008) (citing *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276

---

[3] At oral argument on the intervention motion, Objectors indicated that they wished to raise objections at the preliminary settlement approval hearing, rather than wait for the class notice and file their objection after preliminary approval and before the final approval hearing, which the district court allowed.

(9th Cir. 1992)). And it is the nature of a settlement, as a highly negotiated compromise—here the parties submitted to mediation three times before reaching an acceptable proposal—that "[i]t may be unavoidable that some class members will always be happier with a given result than others." *Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 624 (9th Cir. 1982) (quoting *Mendoza v. United States*, 623 F.2d 1338, 1344 (9th Cir. 1980)). But on the other hand, "settlement class actions present unique due process concerns for absent class members," *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), and the district court has a fiduciary duty to look after the interests of those absent class members. *See, e.g. Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 319 (3d Cir. 2011) (stating that "trial judges bear the important responsibility of protecting absent class members, and must be assur[ed] that the settlement represents adequate compensation for the release of the class claims" (internal quotation marks omitted)); *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 280 (7th Cir. 2002) (at the settlement phase, the district judge is "a fiduciary of the class," subject "to the high duty of care that the law requires of fiduciaries"); *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1078 (2d Cir. 1995) (noting that "the district court has a fiduciary responsibility to ensure that the settlement is fair and not a product of collusion, and that the class members' interests were represented adequately" (internal quotation marks omitted)). *See also Staton v. Boeing Co.*, 327 F.3d 938, 972 n.22 (9th Cir. 2003) (it is the district court's duty to police "the inherent tensions among class representation, defendant's interests in minimizing the cost of the total settlement package, and class counsel's interest in fees.").

Recognizing these potentially conflicting demands, we have imposed different standards upon a district court depending on the nature of our review. When we review the settlement's substantive fairness, "[w]e will rarely overturn an approval of a compromised settlement unless the terms of the agreement contain convincing indications that . . . self-interest rather than the class's interests in fact influenced the outcome of the negotiations." *Id.* at 960. However, we hold district courts to a higher *procedural* standard when making that determination of substantive fairness: "To survive appellate review, the district court must show it has explored comprehensively all factors, and must give a reasoned response to all non-frivolous objections." *Dennis v. Kellogg Co.*, 697 F.3d 858, 864 (9th Cir. 2012) (citations and internal quotation marks omitted). That procedural burden is more strict when a settlement is negotiated absent class certification. Then "such agreements must withstand an even higher level of scrutiny for evidence of collusion or other conflicts of interest than is ordinarily required under Rule 23(e) before securing the court's approval as fair." *Bluetooth*, 654 F.3d at 946.

Here, the district court did not satisfy this procedural standard. We take no position on the substantive fairness of the agreement, because the record before us does not allow us to undertake even our deferential substantive review. But we vacate final settlement approval and "remand so that the district court may conduct a more searching inquiry." *Bluetooth*, 654 F.3d at 938.

As we said in *Bluetooth*, we require district courts to look for "subtle signs that class counsel have allowed pursuit of their own self-interests . . . to infect the negotiations." *Id.* at 947. We went on to identify three such subtle signs:

(1) "when counsel receive a disproportionate distribution of the settlement;" (2) "when the parties negotiate a 'clear sailing' arrangement" (i.e., an arrangement where defendant will not object to a certain fee request by class counsel); and (3) when the parties create a reverter that returns unclaimed fees to the defendant. *Id.* All three signs appear here: (1) all of the money that does not go toward claims actually made, the attorneys' fees and costs and the administration costs reverts to Labor Ready; (2) Labor Ready agreed not to dispute the award of fees to class counsel, as long as that award did not exceed 25% of the common fund; and (3) when the attorneys' fee award is examined in terms of "economic reality," the award exceeds the maximum possible amount of class monetary relief by a factor of three.[4]   *See id.* at 943

---

[4] The award of $1.125 million in attorneys' fees represents 25% of the fund created by the settlement, which we generally consider the "benchmark" percentage for fee awards from a common fund. *See Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir.1990). However, we have cautioned that the district court should not calculate fees using "a mechanical or formulaic approach that results in an unreasonable reward." *Bluetooth*, 654 F.3d at 944. Only 14,947 timely claims were submitted, meaning that at most $373,675 will be disbursed to the class in monetary relief. Such a low payout to the class was anticipated by the parties: At a hearing held before the preliminary approval, class counsel said that he would consider it a success if even 10% or 15% of the class made claims (in fact, the claims rate was less than 8%). Also, Objectors argued that Labor Ready's estimate of administrative costs was premised on only 10% of the class making claims, and the district court expressed concern about the low likely participation rate yielding benefits for Labor Ready (in the form of reversion of the funds) and class counsel. However, the record gives no assurance that, in the face of these admissions from class counsel and concerns from Objectors, the district court "inquire[d] further into why the parties had negotiated such a disproportionate distribution between fees and relief." *Bluetooth*, 654 F.3d at 935.

(quoting *In re Gen. Motors*, 55 F.3d 768, 821 (9th Cir. 1995)).

While the existence of these three signs does not mean the settlement cannot still be fair, reasonable, or adequate, they required the district court to examine them, and adequately to develop the record to support its final approval decision. "Confronted with these multiple indicia of possible implicit collusion, the district court had a special 'obligat[ion] to assure itself that the fees awarded in the agreement were not unreasonably high.'" *Bluetooth*, 654 F3.d at 947 (quoting *Staton*, 327 F.3d at 965).

As a whole, the settlement appears to afford valuable relief, much by injunction, that will benefit the class.[5] The district court noted the existence of this injunctive relief, but did not make express findings about the value of the injunctive relief, *cf. Bluetooth*, 654 F.3d at 944, findings that might have given more justification for the reasonableness of class counsel's fee award. Similarly, though class counsel represented that the fee award was less than his "lodestar" figure, there were no express findings from the district court on what it considered to be a reasonable lodestar amount. *Cf. Bluetooth*, 654 F.3d at 945 (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050–51 (9th Cir. 2002)) (noting that district courts are encouraged to cross-check the two fee-

---

[5] Alleged violations of California's Unfair Competition Law are the basis of some of the class claims; under state law, the "the primary form of relief available under the [Unfair Competition Law] to protect consumers from unfair business practices is an injunction," while other relief, such as monetary relief, is purely "ancillary." *In re Tobacco II Cases*, 207 P.3d 20, 34 (2009).

calculating methods against one another, to ensure a fair and reasonable fee).

We stress that "we express no opinion on the ultimate fairness of what the parties have negotiated, for we have no business substituting our notions of fairness for those of the district judge." *Bluetooth*, 654 F.3d at 950 (internal quotation marks and alterations omitted). On remand, the district court, after appropriately supplementing the record, may exercise its discretion to reapprove the settlement and class counsel's fee, reapprove the settlement but modify class counsel's fee, to disapprove the settlement, or take other appropriate actions depending on its inquiry, findings, and evaluation of whether the settlement is fair, reasonable, and adequate.

## B

Because we vacate and remand final approval of the settlement, we also vacate the attorneys' fee award to class counsel. As we noted above, on remand, the district court has broad discretion to reapprove, disapprove or modify the fee award after making appropriate findings as to its substantive reasonableness. However, upon remand, the district court must comply with our procedures permitting class members to object to class counsel's fee award before it is made. Objectors contend that the original proceedings did not, because the deadline for filing class member objections was before counsel submitted its final fee request with supporting papers. They are correct.

In *In re Mercury Interactive Corp. Securities Litigation* ("*Mercury*") we held that Federal Rule of Civil Procedure 23(h) requires a district court "to set the deadline for objections to counsel's fee request on a date *after* the motion

and documents supporting it have been filed." 618 F.3d 988, 993 (9th Cir. 2010) (emphasis in original). Because of the divergence of interests between the class and class counsel at the fee-setting stage, "[w]hen the district court sets a schedule that denies the class an adequate opportunity to review and prepare objections to class counsel's completed fee motion, it fails to fulfill its fiduciary responsibilities to the class." *Id.* at 994–95.

The district court here did not follow our precedent in *Mercury*. Under the terms of the class notice and the district court's order granting preliminary approval to the settlement, all objections, opt outs, and claims were due July 15, 45 days after class notice was sent. The motion to grant final approval to the settlement and the completed attorneys' fees motion was due 70 days after the class notice was sent, and the completed fees motion was not filed until July 29, 2013. Upon remand, the district court must give the entire class—and not just the Objectors-Appellants here—the opportunity to review class counsel's completed fee motion and to submit objections if they so choose.

**V**

Objectors make other substantive challenges to the settlement. Because we do not reach a substantive review of whether the settlement is fair, reasonable and adequate, we do not address these arguments. Objectors may raise them again to the extent pertinent in any subsequent appeal, if the district court on remand exercises its discretion to reapprove this settlement.

**VI**

We affirm the district court's order denying Objectors' motion to intervene. We vacate the district court's order granting final approval to the settlement and granting attorneys' fees. We remand to the district court for further proceedings consistent with this opinion. Each party shall bear its own costs upon appeal.

**AFFIRMED in part, VACATED and REMANDED in part.**