LUCY H. KOH, United States District Judge
Plaintiffs Monique Raquedan and Ronald Martinez ("Plaintiffs") bring this putative class action suit against Defendant Centerplate of Delaware, Inc. ("Defendant") for alleged wage and hour violations. A proposed intervenor, Renee Marquez, filed a motion to intervene, but then withdrew the motion only days before the April 4, 2019 hearing date. Marquez represents that her counsel and Plaintiffs' counsel "agreed to work together in this action and seek to add Marquez as a Plaintiff," and that Marquez's counsel "subsequently withdrew his motion to intervene." ECF No. 144.
Plaintiffs filed the instant lawsuit on May 24, 2017. ECF No. 1-1. Defendant removed this case to federal court on July 5, 2017. ECF No. 1. The parties have litigated a motion to dismiss, taken discovery, and filed a motion for and opposition to class certification. The parties reached a settlement on December 20, 2018. ECF No. 119. On January 30, 2019, the parties filed a motion for preliminary approval of class action settlement. ECF No. 126. At this late stage of the proceedings and after the parties have settled, it is simply not in the interests of the putative class to add more named plaintiffs and more counsel to the attorneys representing Plaintiffs in this case. Moreover, as the Court explains *1040 below, Marquez's motion to intervene was plainly unmeritorious and primarily complained that Marquez's counsel was not allowed to participate in the mediation in this case. The Court will not permit Marquez and her counsel to insert themselves in this case through such an unmeritorious motion.
I. PROCEDURAL BACKGROUND
On May 24, 2017, Plaintiffs filed the instant action against Defendant in California Superior Court for the County of Santa Clara. ECF No. 1. On July 5, 2017, Defendant removed the case to federal court. Id.
On February 23, 2018, Defendant filed a motion to dismiss Plaintiffs' pleading. ECF No. 40. On March 9, 2018, Plaintiffs filed their opposition, ECF No. 43, and on March 16, 2018, Defendant filed their reply. ECF No. 48. On July 10, 2018, the Court denied Defendant's motion to dismiss Plaintiffs' SAC.
On October 17, 2018, the parties filed a stipulation for referral to private mediation. ECF No. 81. The parties stated that they had agreed to mediate the case with a private mediator on December 4, 2018. Id. On October 17, 2018, the Court granted the parties' stipulation, and referred the parties to private mediation. ECF No. 83.
On October 22, 2018, Plaintiffs filed a motion for class certification. ECF No. 89. On December 3, 2018, Defendant filed its opposition. ECF No. 108.
On November 27, 2018, in the middle of the parties' class certification briefing and over eighteen months after Plaintiffs filed their complaint against Defendant, Marquez filed the instant motion to intervene. ECF No. 106 ("Mot."). On June 19, 2018, Marquez had filed a putative class action lawsuit against Defendant in California Superior Court for the County of San Francisco, which Defendant has since removed to federal court. ECF No. 106-2, Ex. A; see Marquez v. Centerplate of Delaware, Inc. , 5:19-CV-00051-LHK.
On December 11, 2018, Plaintiffs filed an opposition to Marquez's motion to intervene. ECF No. 117 ("Pl. Opp."). On December 20, 2018, Defendant filed an opposition to Marquez's motion to intervene. ECF No. 121 ("Def. Opp.").
On December 20, 2018, Plaintiffs and Defendant informed the Court that they had reached a tentative class settlement. ECF No. 119. On January 30, 2019, Plaintiffs and Defendant filed a motion for preliminary approval of the parties' class action settlement. ECF No. 126. The Court scheduled the preliminary approval hearing for June 13, 2019. Id.
Then, on March 21, 2019, 85 days after Marquez's reply in support of her motion to intervene was due, Marquez filed her reply. ECF No. 140 ("Reply"). On March 26, 2019, Plaintiffs and Defendant objected to Marquez's Reply as untimely and asked the Court to strike the Reply. ECF No. 141.
On March 27, 2019, the Court vacated the April 4, 2019 hearing on Marquez's motion to intervene and informed the parties that the Court would resolve Marquez's motion on the parties' papers. ECF No. 142. On March 28, 2019, 92 days after Marquez filed her motion to intervene, Marquez withdrew her motion to intervene. ECF No. 143.
Then, on April 1, 2019, Marquez filed a motion to appear by telephone at an April 4, 2019 case management conference. ECF No. 144. However, no such case management conference was scheduled. A month earlier, on March 1, 2019, the Court had continued the March 6, 2019 case management conference to June 13, 2019, the day of the preliminary approval hearing. ECF
*1041 No. 137. Therefore, the Court denied as moot Marquez's request to appear by telephone at the non-existent April 4, 2019 case management conference. ECF No. 145.
In the motion to appear by telephone, Marquez stated that her counsel and Plaintiffs' counsel "agreed to work together in this action and seek to add Marquez as a Plaintiff. Plaintiff subsequently withdrew his motion to intervene." ECF No. 144 at 2 (emphasis added). Marquez's motion to appear by telephone may indicate that her counsel's central concern is whether he is involved in the case, not whether Marquez or the proposed class she seeks to represent is adequately served.
II. DISCUSSION
Federal Rule of Civil Procedure 24(a)(2) requires that a court permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Alternatively, under Federal Rule of Civil Procedure 24(b), "[o]n timely motion, the court may permit anyone to intervene who ... has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b).
For the reasons stated below, because Marquez cannot show that her interests will be impaired absent intervention, Marquez may not intervene under Rule 24(a). Perry v. Proposition 8 Official Proponents , 587 F.3d 947, 950 (9th Cir. 2009) ("Failure to satisfy any one of the requirements is fatal to the application, and we need not reach the remaining elements if one of the elements is not satisfied.").
In her motion to intervene, Marquez claimed that she has an interest in the instant action because Marquez, in her own lawsuit, "seeks certification of a class that is entirely subsumed by the proposed California class in Raquedan. " Mot. at 6. Marquez argued that absent intervention, the Raquedan parties may "settle the class claims at issue in Marquez and [ ] release those claims on behalf of the Marquez class members." Id.
While Marquez has a protectable interest in this case, given that she is a member of the Raquedan class, Marquez's interests will not be impaired absent intervention. As another court in this district has explained, "courts have frequently denied intervention in the class action settlement context, citing concerns about prejudice, as well as putative intervenors' ability to protect their interests by less disruptive means." Zepeda v. PayPal, Inc. , 2014 WL 1653246, at *4 (N.D. Cal. Apr. 23, 2014). For example, putative intervenors may "opt[ ] out of the settlement class or participat[e] in the fairness hearing process." Id. ; see also In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods. Liability Litig. , 2016 WL 4376623, at *4 (N.D. Cal. Aug. 17, 2016) (denying putative intervenor's motion because the putative intervenor could "opt of the Settlement and litigate his claims independently, or he may instead object to it"), aff'd , 894 F.3d 1030 (9th Cir. 2018) ; Hofstetter v. Chase Home Fin., LLC , 2011 WL 5415073, at 2-3 (N.D. Cal. Nov. 8, 2011) (holding that the opportunity to opt out of a settlement adequately safeguarded a putative intervenor's interests).
The Ninth Circuit recognizes in the class action settlement context, a putative intervenor's concerns may "largely be addressed through the normal objection process."
*1042 Allen v. Bedolla , 787 F.3d 1218, 1222 (9th Cir. 2015) ; see also Devlin v. Scardelletti , 536 U.S. 1, 14, 122 S.Ct. 2005, 153 L.Ed.2d 27 (2002) (explaining that "class action procedure allows nonnamed class members to object to a settlement at the fairness hearing without first intervening").
The circumstances here are no different. On December 20, 2018, the Raquedan parties reached a proposed class action settlement. ECF No. 119. On January 30, 2019, the parties filed a motion for preliminary approval of class action settlement. ECF No. 126. Marquez may raise any concerns as an objector. Before the Court will approve the settlement, the Court must conclude that the settlement is "fair, reasonable, and adequate" and that Plaintiffs and class counsel "have adequately represented the class." Fed. R. Civ. P. 23(e)(2). Thus, the settlement approval process addresses precisely the concerns Marquez raised in her since-withdrawn motion.
Further, if Marquez believes the settlement does not protect her interests, the parties' motion for preliminary approval asks the Court to certify a settlement class under Rule 23(b)(3), ECF No. 126 at 13, and class members like Marquez may opt out of Rule 23(b)(3) settlements. Fed. R. Civ. P. 23(c)(2)(B) ; see In re Volkswagen , 2016 WL 4376623, at *4 (holding that opt-out procedure adequately protects a putative intervenor's interest).
As to permissive intervention under Rule 24(b), allowing Marquez to intervene at this late stage in the case would prejudice Plaintiffs and Defendant. "In the context of permissive intervention ... [courts] analyze the timeliness element more strictly than [they] do for intervention as of right." League of United Latin Am. Citizens v. Wilson , 131 F.3d 1297, 1308 (9th Cir. 1997). Thus, in Allen , the Ninth Circuit affirmed the district court's decision to deny as untimely a motion to intervene filed "on the eve of settlement" and after years of ongoing litigation. 787 F.3d at 1222. The Ninth Circuit observed that the putative intervenor's intervention could "prejudice settling parties by potentially derailing settlement talks." Id.
Marquez's request to intervene was similarly untimely. Plaintiffs first filed their complaint against Defendant on May 24, 2017, more than a year before Marquez filed her lawsuit on June 19, 2018 and more than eighteen months before Marquez filed her motion to intervene on November 27, 2018. ECF No. 1. Marquez conceded that she has known about the Raquedan action since at least July 13, 2018, Mot. at 2, but Marquez only filed the motion to intervene on November 27, 2018-one week before the parties' scheduled mediation. See ECF Nos. 83, 106. Marquez's motion to intervene primarily complains about the fact that Marquez's counsel was not invited to participate in the mediation in this case. By then, the parties had already litigated a motion to dismiss, taken discovery, and filed a motion for and opposition to class certification. Plaintiffs and Defendant have now reached a proposed settlement and filed a motion for preliminary approval of class action settlement. Allowing Marquez to intervene at this late stage could derail the parties' settlement. Allen , 787 F.3d at 1222. As detailed above, Rule 23 provides adequate means to protect Marquez's interests as an absent class member, as Marquez may object to the settlement or opt out.
Instead of pursuing those avenues, Marquez withdrew her unmeritorious motion to intervene-but only after she secured an apparent agreement to add her as a named plaintiff and for her counsel to "work together in this action" with Plaintiffs' counsel. ECF No. 144. If Marquez and her counsel become part of the action, *1043 she will not provide the class the benefit of objections to the settlement that she previously claimed might impair her interests. See Mot. at 7.
At this late stage of the proceedings and after the parties have settled, it is simply not in the interests of the putative class to add more named plaintiffs and more counsel to this case. As the Court has explained, Marquez's motion to intervene was plainly unmeritorious and primarily complained that Marquez's counsel was not allowed to participate in the mediation in this case. The Court will not permit Marquez and her counsel to insert themselves in this case through such an unmeritorious motion.
IT IS SO ORDERED.