

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION, <br><br> ------------------------------ <br><br> INDIRECT PURCHASER CLASS, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> CONNER ERWIN, <br><br> Objector-Appellant, <br><br> v. <br><br> PANASONIC CORPORATION; et al., <br><br> Defendants-Appellees. | No.   17-15065 <br><br> D.C. No. 3:10-md-02143-RS <br><br> MEMORANDUM[*] |

| | |
|---|---|
| In re: OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION, <br><br> ------------------------------ <br><br> INDIRECT PURCHASER CLASS, | No.   17-15067 <br><br> D.C. No. 3:10-md-02143-RS |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiff-Appellee,

v.

CHRISTOPHER ANDREWS,

Objector-Appellant,

v.

PANASONIC CORPORATION; et al.,

Defendants-Appellees.

---

In re: OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION,

------------------------------

INDIRECT PURCHASER CLASS,

Plaintiff-Appellee,

v.

BARBARA COCHRAN,

Objector-Appellant,

v.

PANASONIC CORPORATION; et al.,

Defendants-Appellees.

No.    17-15143

D.C. No. 3:10-md-02143-RS

2

| | |
|---|---|
| In re: OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION, | No. 17-17436 |
| ------------------------------ | D.C. No. 3:10-md-02143-RS |
| INDIRECT PURCHASER CLASS, | |
| Plaintiff-Appellee, | |
| v. | |
| CHRISTOPHER ANDREWS, | |
| Objector-Appellant, | |
| v. | |
| PANASONIC CORPORATION; et al., | |
| Defendants-Appellees. | |

| | |
|---|---|
| In re: OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION, | No. 17-17439 |
| ------------------------------ | D.C. No. 3:10-md-02143-RS |
| INDIRECT PURCHASER CLASS, | |
| Plaintiff-Appellee, | |
| v. | |
| CONNER ERWIN, | |

Objector-Appellant,

v.

PANASONIC CORPORATION; et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Argued and Submitted October 21, 2019
Submission Vacated January 24, 2020
Resubmitted May 8, 2020
Portland, Oregon

Before: FARRIS, BEA, and CHRISTEN, Circuit Judges.

Objector Christopher Andrews appeals from the district court's orders approving settlement agreements in a consumer electronics class action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's approval of the settlement agreements.[1]

"A binding settlement must provide notice to the class in a 'reasonable manner' and otherwise be 'fair, reasonable, and adequate.'" *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 567 (9th Cir. 2019) (en banc) (quoting Fed. R.

---

[1] Because the parties are familiar with the facts and the procedural history, we do not recount them here.

Civ. P. 23(e)(1), (2)). "When the district court determines that a proposed settlement is fundamentally fair, adequate, and reasonable, our review 'is extremely limited.'" *Hyundai*, 926 F.3d at 569 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

1. Andrews challenges the settlement agreements on various grounds, including alleged deficiencies in the language of the settlement agreements, the settlement class periods, and the claim forms. He presents conclusory arguments, fails to cite relevant case law, and does not show how the class was prejudiced by the alleged deficiencies. None of his arguments regarding the settlement agreements have merit.

2. Andrews contends the district court committed reversible error by not addressing his objections to the second-round settlement agreements in its order approving those settlements. Andrews filed his objections with an improperly noticed motion to unseal records, which likely caused the district court and Hagens Berman to overlook them.

"To survive appellate review, the district court . . . must give a reasoned response to all *non-frivolous* objections." *Allen v. Bedolla*, 787 F.3d 1218, 1223–24 (9th Cir. 2015) (emphasis added) (quoting *Dennis v. Kellogg Co.*, 697 F.3d 858, 864 (9th Cir. 2012)). Because Andrews's objections to the second-round

5

settlement agreements were frivolous, the district court's failure to address them was not erroneous.

**AFFIRMED.**