**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  LITHIUM ION BATTERIES ANTITRUST LITIGATION, | No.    19-16803 |
| ------------------------------ | D.C. No. 4:13-md-02420-YGR |
| INDIRECT PURCHASER PLAINTIFFS, | MEMORANDUM[*] |
| Plaintiff-Appellee, | |
| v. | |
| CHRISTOPHER ANDREWS, | |
| Objector-Appellant, | |
| v. | |
| PANASONIC CORPORATION; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted August 18, 2020[]
San Francisco, California

Before: HAWKINS, McKEOWN, and BYBEE, Circuit Judges.

Pro se objector Christopher Andrews appeals the district court's approval of the third and final round of settlements in an antitrust action by Indirect Purchaser Plaintiffs (IPPs) alleging price-fixing of lithium-ion batteries by defendant electronics companies. The district court granted class certification for a nationwide settlement class and approved a $49 million settlement, allocating 90 percent to class members in *Illinois Brick*[1] repealer states and 10 percent to class members in non-repealer states. We have jurisdiction under 28 U.S.C. § 1291. We review certification of a settlement class and approval of a class action settlement for abuse of discretion. *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556 (9th Cir. 2019) (en banc). We affirm.

1. Named plaintiffs have standing. Contrary to Andrews' contentions, representative plaintiffs need only allege standing at the class certification stage. *See In re Zappos.com, Inc.*, 888 F.3d 1020, 1028 nn.11–12 (9th Cir. 2018). And although Andrews argues that named plaintiffs and class members in non-repealer

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] *Ill. Brick Co. v. Illinois*, 431 U.S. 720, 729–31 (1977) (holding that indirect purchasers cannot recover damages under federal antitrust law).

states lack standing, non-repealer class members' ability to recover under federal antitrust law does not affect our subject matter jurisdiction. *See Gerlinger v. Amazon.com Inc.*, 526 F.3d 1253, 1256 (9th Cir. 2008) (noting that antitrust standing is an element of proof for damages, not a jurisdictional prerequisite).

2.      The district court did not abuse its discretion in finding that named plaintiffs fairly and adequately represented the class in accordance with Federal Rule of Civil Procedure (FRCP) 23(a)(4).  A serious conflict of interest between the interests of class representatives and members of the class can impair adequate representation.  *See In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 895 F.3d 597, 607 (9th Cir. 2018).  Although the inclusion of both repealer and non-repealer class members in the settlement class here created a potential conflict of interest between class members with claims of differing values, this conflict was mitigated by the district court's differential allocation of the settlement fund to class members in repealer and non-repealer states.  *See id.* at 607 n.13; *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1021–22 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011).  Furthermore, there is no indication that named plaintiffs in either repealer

or non-repealer states lacked incentive to vigorously prosecute the case on behalf of the class. *See Hanlon*, 150 F.3d at 1021.[2]

3.    The district court did not abuse its discretion in determining that class counsel fairly and adequately represented the class in accordance with FRCP 23(a)(4) and 23(g)(4). A conflict undermining adequate representation by counsel may be evidenced where a settlement is "driven by fees" or where attorney's fees are disproportionately large. *Hanlon*, 150 F.3d at 1021. The district court here mitigated concerns that the settlement agreement might be driven by attorney's fees by awarding fees separately from the settlement agreement, and the thirty percent attorney's fee award here is not a disproportionate distribution of the total settlement fund. *See id.* Beyond conflict-free representation, the district court's finding that counsel had litigated vigorously on behalf of the class by conducting extensive discovery and motions practice over more than six years of litigation is not clearly erroneous. *See id.* at 1021–22.

4.    The district court did not abuse its discretion by approving service awards for named plaintiffs. Service awards do not necessarily create an

---

[2] Andrews did not argue before the district court that the nationwide settlement class fails the predominance requirement of FRCP 23(b)(3), and thus we do not consider it on appeal. *See Friedman v. AARP, Inc.*, 855 F.3d 1047, 1057 (9th Cir. 2017).

impermissible conflict of interest. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 943 (9th Cir. 2015). Here, the district court appropriately took into account the length of the litigation, the time and resources class representatives expended litigating the case, the ultimate recovery, and comparable settlements in deciding to approve the service awards. *See Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003). The awards were not conditioned on support of the settlement, nor was there any service award agreement prior to litigation. *Cf. Radcliffe v. Experian Info. Sols. Inc.*, 715 F.3d 1157, 1164 (9th Cir. 2013); *Rodriguez v. W. Publ'g Corp.,* 563 F.3d 948, 959–60 (9th Cir. 2009). Moreover, the service awards of $10,000 for individual named plaintiffs and $25,000 for the two governmental entities were not disproportionate to the $49 million settlement. *See Staton*, 327 F.3d at 977; *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d at 942–43.

5.     The district court did not abuse its discretion in finding the distribution plan fair, reasonable, and adequate under FRCP 23(e)(2). We review the district court's analysis to determine (1) whether it meets the high procedural bar for pre-certification settlement and (2) whether the district court abused its discretion in finding that the settlement was fair, reasonable, and adequate. *See Allen v. Bedolla*, 787 F.3d 1218, 1223–24 (9th Cir. 2015). The district court here

met its pre-class certification procedural burden by considering the recovery in comparison to the strength of the case, the stage of litigation, the risk of further litigation, and any indications of potential collusion. *See Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011).

Furthermore, the district court did not abuse its discretion in finding that the agreement was substantively fair. FRCP 23(e)(2) requires consideration of whether: (1) "the class representatives and class counsel have adequately represented the class"; (2) "the proposal was negotiated at arm's length"; (3) "the relief provided for the class is adequate"; and (4) "the proposal treats class members equitably relative to each other." For the reasons we have already discussed, the class was adequately represented by class representatives and counsel. *See Hanlon*, 150 F.3d at 1021–22. The settlement is the third in this action and followed multiple mediation sessions, and Andrews does not contend that it was not negotiated at arm's length. The district court considered the adequacy of the relief, "taking into account the costs, risks, and delay of trial and appeal," and permissibly found the $49 million award robust. And finally, the district court permissibly found that the differential allocation of the settlement between class members in repealer and non-repealer states was equitable because,

6

although their claims were less valuable, class members in non-repealer states were still active litigants entitled to minimal recovery.

6. The district court did not abuse its discretion in finding that the notice program was adequate under FRCP 23(c)(2). Notice of a proposed settlement under FRCP 23(b)(3) must be "the best notice that is practicable under the circumstances." FRCP 23(c)(2)(B). However, the Rule does not require "actual notice to each individual class member." *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1128 (9th Cir. 2017). Instead, "notice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Roes, 1-2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1045 (9th Cir. 2019) (internal quotation and citation omitted). Notice here was not inadequate merely because every class member was not directly mailed or because counsel did not obtain more unnamed class member emails. *See* FRCP 23(c)(2) advisory committee's notes. IPPs appropriately focused on the means most likely to notify class members, including through traditional and technological means and publication. *See Roes*, 944 F.3d at 1045. Nor was the content of the notice otherwise deficient. FRCP 23(c)(2)(B) lists seven items that "must be included," but we have declined to extend the

content requirements any further. *Roes*, 944 F.3d at 1044. Here, the notice appropriately included the information required by FRCP 23(c)(2)(B).

7. The settlement agreement is not otherwise legally deficient. First, there is no discrepancy between the execution date and the date of the last defense counsel signature on the Toshiba Settlement Agreement. Second, although Andrews argues that a variety of claims procedures are missing from the settlement agreement, he provides no authority requiring that any of this information be included.

**AFFIRMED.** Appellant's Motion to Stay the Decision, filed March 29, 2021, is **DENIED.**