| |
|---|
| **Hernandez v ABM Indus., Inc.** |
| 2025 NY Slip Op 32325(U) |
| July 1, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 151885/2020 |
| Judge: Joel M. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

--------------------------------------------------------------------------------X

ANA GARCIA HERNANDEZ,

Plaintiff,

- v -

ABM INDUSTRIES, INC., ABM INDUSTRY GROUPS, LLC

Defendants.

--------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 151885/2020 |
| **MOTION DATE** | 10/17/2024 |
| **MOTION SEQ. NO.** | 004 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 004) 48, 49, 50, 51, 52, 53, 66, 68, 69, 70, 71

were read on this motion to        APPROVE CLASS ACTION SETTLEMENT     .

Plaintiff Ana Garcia Hernandez, on behalf of herself and a class of all other similarly situated current and former employees of Defendants ABM Industries, Inc. and ABM Industry Groups, LLC (collectively, "ABM" or "Defendants"), moves for an order approving the parties' Joint Settlement Agreement and Release (NYSCEF 52 ["Settlement"]) pursuant to CPLR 908. For the reasons discussed below, the motion is **DENIED**.

While on its face the proposed $930,000 settlement is not objectionable, the reality is far different. Given the structure of the settlement—including a reversion of settlement funds to defendants of amounts not "claimed" by class members during the settlement process and an agreement by defendants not to challenge class counsel's requested $310,000 fee amount—together with a 10% claims rate and few opt-outs, the final result of the proposed settlement is as follows: class members would recover approximately $80,000; class counsel would receive $310,000; and Defendants would retain approximately $540,000 of the putative settlement

**151885/2020   GARCIA HERNANDEZ, ANA vs. ABM INDUSTRIES, INC.**
 **Motion No.  004**

**Page 1 of 10**

amount while at the same time receiving a release of claims from the entire class (minus the few opt outs). In those circumstances, the Court cannot conclude that the settlement as currently structured is "fair, reasonable, and adequate" (*Isufi v ProMetal Constr., Inc.*, 211 AD3d 580, 580 [1st Dept 2022]).

There are, however, modifications that could address the Court's concerns. For example, rather than a claims process (which has twice yielded low response rates perhaps because of class member reluctance to fill out forms) the parties could simply mail out settlement checks to the vast majority of class members whose addresses are known and verified. In addition, rather than a reversion of unclaimed funds to defendants, the parties could agree to a *cy pres* distribution of unclaimed funds (or uncashed checks) to organizations that are aligned with the interests of the class, as has been done in other class settlements. There may well be other adjustments that would more appropriately align the benefit to the class with the scope of class-wide releases and the agreed-upon fee amount to class counsel than does the current proposed settlement.  In the end, however, settlements are a matter of party agreement.  It is up to the parties to determine whether to propose changes to their settlement.

## BACKGROUND

Plaintiff brought this class action alleging that Defendants violated the New York Labor Law and its implementing regulations by failing to provide maintenance pay for required uniforms, failing to pay spread of hours pay, and failing to pay overtime wages for all hours worked over 40 in any given week. The class consists of "Named Plaintiff and all individuals who are or were employed in Covered Positions (as defined below) by ABM Industry Groups, LLC or any applicable predecessor entities, in New York State during the Relevant Time Period (as defined below), who did not earn sufficiently above the minimum wage so as to cover any

**151885/2020   GARCIA HERNANDEZ, ANA vs. ABM INDUSTRIES, INC.**
**Motion No.  004**

**Page 2 of 10**

2 of 10

potential uniform maintenance pay, and who do not opt-out of the Action. Covered Positions refers to non-exempt employees who were employed by ABM Industries Groups, LLC or any applicable predecessor entities in New York State to perform building-related services during the Relevant Time Period" (NYSCEF 51 at 6). After engaging in document discovery and two days of private mediation, the parties reached a settlement creating a common fund of "up to" $930,000 (*id.* at 4). The Court provisionally certified the class and granted preliminary approval of the Settlement and the settlement notice on June 28, 2024 (NYSCEF 44).

The Settlement provides that only class members who submit timely, fully-executed claims forms will receive a share of the settlement fund (NYSCEF 52 §§ 2.6 [A], 3.5 [A]). All settlement funds that are not distributed to class members will revert to Defendants pursuant to the Settlement terms (*id.* § 3.5 [H]). Likewise, any portion of class counsel's fee award request that is not approved by the Court will revert to Defendants (*id.* §§ 3.2 [B], 3.5 [H]). Class counsel has requested fees in the amount of $310,000, representing one third of the settlement fund, plus costs (NYSCEF 68 at 38). Defendants agreed not to challenge class counsel's fee request, which amount would be paid from the settlement fund (NYSCEF 52 § 3.2 [A]).

The claims administrator distributed the initial settlement notice and claim form, which included IRS Forms W-4 and W-9 for class members to complete, to 7,081 class members (NYSCEF 50 [Claims Administrator Aff.] ¶¶ 8, 11). As of October 16, 2024, 472 of those notices remained undeliverable after a skip-trace analysis (*id.* ¶ 12). The claims administrator received 428 valid claim forms—6% of the class—no objections, and five opt-outs (*id.* ¶¶ 15-17). In support of the settlement, class counsel characterized the 6% participation rate as "well within the expected range of settlement participation" and opined that the "overwhelming response to the settlement has been positive" (NYSCEF 51 at 10).

**151885/2020   GARCIA HERNANDEZ, ANA vs. ABM INDUSTRIES, INC.**
**Motion No.  004**

**Page 3 of 10**

The Court was less enthusiastic. At the fairness hearing, the Court referenced the "rosy sounding picture" in class counsel's brief regarding the 6% participation rate: "[C]andidly, [it] doesn't sound that great to me…. I don't know how much lower it can get than six percent, not much" (NYSCEF 61 at 3). Class counsel responded that six percent "is on the lower end, I will concede that," but "it's not low to be concerning," and noted that the case had stalled during the pandemic and that some class members' claims go back ten years, which might explain the low response rate as compared with "10 to 12 percent [which] is probably average" (*id.* at 3-5). Defendants' counsel represented that the roughly 6% of the class that submitted claims would receive a total of "close to $50,000" (*id.* at 15), a small fraction of the gross settlement fund.

At the conclusion of oral argument, the Court directed the parties to submit supplemental briefing on the fairness of the Settlement in light of the low participation rate, claims-made structure, and reversion clause (NYSCEF 61 at 29, citing *Small v Target Corp.*, 53 F Supp 3d 1141 [D Minn 2014] as "collecting cases indicating that while reversion to the defendant caused not a per se reason to deny settlement approval, Courts are skeptical, especially in claims made [settlements] in class actions like this one, with low participation rates"]). Thereafter, the parties proposed that instead of filing briefs they would first propose an additional notice and claim form to class members—this time without the attached IRS forms—in an effort to increase the participation rate (NYSCEF 54). The Court permitted the parties to do so.

After the revised notice process, which was approved by the Court, the claims participation rate increased modestly to 10% as of February 13, 2025 (NYSCEF 62, 63). Based on the revised claim filings, the participating class members are now expected to receive $79,112.63 in the aggregate if the settlement is approved (NYSCEF 70 [Supplemental Claims Administrator Aff.] ¶ 16). Under the terms of the Settlement, after payment of the agreed upon

**151885/2020   GARCIA HERNANDEZ, ANA vs. ABM INDUSTRIES, INC.**
**Motion No.  004**

**Page 4 of 10**

4 of 10

[* 4]

$310,000 fee to class counsel, the remainder of the $930,000 settlement fund (roughly $540,000) would revert to Defendants.

Remaining unpersuaded by those results, the Court determined that it would benefit from the supplemental briefing contemplated at oral argument and requested that such briefing:

1. Address judicial decisions concerning the fairness of claims-made settlements with reversion provisions and agreements by settling defendants not to challenge the amount of the attorney's fee award (e.g., *In re Bluetooth Headset Products Liab. Litig.*, 654 F3d 935 [9th Cir 2011]).

2. Address judicial decisions concerning the reasonableness of percentage-based fee awards in claims-made settlements with low participation rates (e.g., *Tait v BSH Home Appliances Corp.*, 2015 WL 4537463, *14 [CD Cal, July 27, 2015]).

3. Provide a lodestar comparison to the $310,000 fee award sought, with supporting documentation. The supporting documentation should differentiate between hours spent before and after the settlement was reached.

4. Disclose the updated total amount that will be paid by Defendants, under the present settlement terms, to the class members who have filed claims.

(NYSCEF 65).

Class counsel thereafter submitted a supplemental brief in support of final approval of the Settlement (NYSCEF 68).

**151885/2020   GARCIA HERNANDEZ, ANA vs. ABM INDUSTRIES, INC.**
    **Motion No.  004**

**Page 5 of 10**

5 of 10

## DISCUSSION

CPLR 908 provides that a class action shall not be dismissed or compromised without approval of the court. Though the rule does not provide criteria for settlement approval, New York courts often look to federal standards for evaluating the fairness and adequacy of class settlements (*see Fiala v Metro. Life Ins. Co.*, 27 Misc 3d 599, 606 [Sup Ct, NY County 2010] [collecting cases]).

In determining fairness and adequacy, courts consider the likelihood of success of plaintiffs' claims, the extent of support from the class, the nature of the legal and factual issues, the judgment of counsel, and the presence of good faith bargaining *(see Matter of Colt Indus. Shareholder Litig*., 155 AD2d 154, 160 [1st Dept 1990], *mod on other* grounds 77 NY2d 185 [1991]). Courts also weigh the value of the settlement against the present value of anticipated recovery following a merits trial, discounted for inherent risk in litigation and costs of recovery (*see*, *Fiala v Metro. Life Ins. Co.*, 27 Misc 3d 599, 606 [Sup Ct, NY County 2010]; *Rosenfeld v Bear Stearns & Co.*, 237 AD2d 199, 200 [1st Dept 1997]).

In this case, the record is sparse on the likelihood of success and the nature of legal and factual issues regarding the class members' claims. The only contested motion in this action was a motion to dismiss that was unrelated to the merits of the underlying claims, and by the time the Court held oral argument on that motion, it was essentially moot due to pandemic-related delays (*see generally* NYSCEF 23 [Motion to Dismiss Oral Argument Transcript]). Nonetheless, the Court observed at that time that the claims were not terribly complicated (*id.* at 9). And as far as the extent of support from the class, the marginally improved claims-rate of 10% (while

**151885/2020   GARCIA HERNANDEZ, ANA vs. ABM INDUSTRIES, INC.**       **Page 6 of 10**
  Motion No.  004

6 of 10

[* 6]

apparently not unusual)[1] does not in this Court's view amount to robust support such that this factor weighs in favor of approval.

In the end, even assuming that the gross settlement fund of $930,000.00 is fair relative to the value of the claims and the risks of litigation, the Court cannot conclude that the Settlement is fair, reasonable, and adequate as a whole. Courts have recognized that reversion clauses and agreements not to challenge fee awards can operate as "collusive vehicles resulting in significant fees for class counsel, a low payout by defendants, and limited benefits to the class" when used in claims-made settlements with low claims rates (*Small v Target Corp.*, 53 F Supp 3d 1141, 1143 [MD Fla 2014]; *see also In re Bluetooth Headset Prods. Liab. Litig*., 654 F3d 935, 941 [9th Cir 2011] [concluding that class action settlements including these features require heightened scrutiny]; *Allen v Bedolla*, 787 F3d 1218, 1224 [9th Cir 2015]; *Ferrington v McAfee*, Inc., 2012 US Dist LEXIS 49160, at *38-*39 [ND Cal, Apr. 6, 2012, No. 10-CV-01455-LHK] [denying motion for settlement approval because "[i]n light of the actual disparity between the class award and the requested attorneys' fee award, *and the fact that the structure of the settlement was likely to produce such a result*, the Court is concerned that the settlement, taken as a whole, is not fair, reasonable, and adequate"] [emphasis added]). The Court does not suggest that there was actual collusion here, but these factors do weigh against approval.

Though the parties cite decisions approving settlements with seemingly similar features, the approval of a class action settlement is a matter of discretion for the trial court based on the facts of each particular case (*see Maywait v Parker & Parsley Petroleum Co.*, 67 F 3d 1072,

---

[1] *See Hernandez v Immortal Rise, Inc.*, 306 FRD 91, 100 [ED NY 2015], quoting 2 McLaughlin on Class Actions § 6:24 [8th ed] ["Claims-made settlements typically have a participation rate in the 10–15 percent range"]).

1079 [2d Cir 1998]). Counsel's reliance on *Gaspar v Advanced Domino, Inc.* (2024 WL 1908586, at *4 [EDNY May 1, 2024, No. 23-CV-5165 (BMC)]) is particularly unpersuasive. That decision—which addressed a late objection to a settlement that had been approved two years prior—opens as follows: "Seduced by the siren song of consent, this Court approved a class action settlement in a wage case that it might not have approved had there been any objections" (*id.* at *1). That court's decision not to sustain a belated collateral attack on a previously approved settlement is hardly a glowing endorsement for approving settlements structured – on consent – like this one.

Class counsel also notes that the presence of a neutral mediator weighs in favor of finding that a settlement is not collusive. While true, this is not dispositive on the question of fairness (*In re Wawa, Inc. Data Sec. Litig.*, 85 F4th 712, 726 [3d Cir 2023]). The presumption of fairness based on arm's-length negotiations cannot substitute for meaningful judicial inquiry, especially when the proposed agreement results in substantial fees and reversion to Defendants that far exceed the recovery to class members. Here, it is notable that the Settlement provides that class counsel is not permitted to contact class members *at all*, let alone encourage them to make claims (NYSCEF 52 § 2.5 [D]).

Moreover, the rationale for a claims-made settlement structure here is unclear given that Defendants provided the claims administrator with the list of eligible class members, their last known contact information, and the records of weeks worked by which the claim amounts are calculated (NYSCEF 52 §§ 1.17, 2.5 [A], 3.5 [B]). All the claim form requires of each class member is their full name, address, email, and telephone number (NYSCEF 57). Under these circumstances, it seems that sending checks directly to class members would be a far simpler and

**151885/2020   GARCIA HERNANDEZ, ANA vs. ABM INDUSTRIES, INC.**
**Motion No.  004**

**Page 8 of 10**

[* 8]

8 of 10

more effective alternative, assuming that maximizing class member participation in the settlement is the objective (which it should be).

As it stands, the proposed fee award sought relative to the benefits actually obtained by the class members also raises concerns. The parties argue that the Court should evaluate the reasonableness of the Settlement and attorney's fee request in light of the entire settlement fund available, not just the amount claimed by class members, citing *Masters v Wilhelmina Model Agency, Inc.* (473 F3d 423, 437 [2d Cir 2007] [holding that allocation of fees by percentage should be done on the basis of the entire fund, "whether claimed or not"]). But *Masters* does not suggest that it is impermissible to compare the attorney's fee request to the actual amount paid to the class when determining the reasonability of the fees sought or the fairness of the settlement overall. Indeed, unlike in the present case, the *Masters* settlement provided that unclaimed funds would be distributed to a charity as a *cy pres* award, which is another option that might have been included here but was not (*see Cunningham v Suds Pizza, Inc.*, 290 F Supp 3d 214, 224 [WD NY 2017] [holding that *Masters* did not require the court to award fees based on a percentage of the common fund where unclaimed funds would revert to the defendant, as is the case here]; *Gaston v Valley National Bancorp*, 2019 WL 13195968 at *2 [ED NY, Feb. 22, 2019] [same]).

The parties also rely on *Hart v RCI Hosp. Holdings, Inc.* (2015 WL 5577713 at *17 [SD NY, Sept. 22, 2015] [collecting cases awarding fees based on common fund percentage rather than claimed funds]). In *Hart*, however, the class participation rate was nearly 60%, such that only about 40% of the net settlement funds would remain unclaimed, resulting in an attorney's fee award that was 41% of the total funds to be disbursed and about 71% of the amount the class claimed (*id.*). Here, the claims rate is far lower, such that the attorney's fee requested would be

151885/2020   GARCIA HERNANDEZ, ANA vs. ABM INDUSTRIES, INC.
Motion No.  004

Page 9 of 10

[* 9]

approximately 80% of the total funds to be disbursed—and almost four times the amount that the class has claimed. A reduction in the fee award would not cure the unfairness of the Settlement, which is structured such that any reduction in the attorney's fee award would be a windfall to the Defendants, not a benefit to the class.

In sum, under the proposed Settlement the class will receive a total of $80,000, class counsel will receive a fee of $310,000 (one-third of the *gross* settlement amount), and Defendants will retain the remainder of the $930,000 settlement fund plus a class-wide release. Under those circumstances, the Court cannot conclude that that this settlement—as currently structured—is fair, reasonable, and adequate.

Accordingly, it is

**ORDERED** that Plaintiff's motion to approve the class action settlement is **denied**; and it is further

**ORDERED** that the parties are directed to appear for a telephonic status conference to discuss next steps on July 29, 2025 at 10:00 a.m., with the parties to circulate dial-in information in advance of the conference to sfc-part3@nycourts.gov.

This constitutes the decision and order of the Court.

20250701174015JMC0HEN4673U35FAB674A8785F2ED72AAC91125

_____7/1/2025_____
**DATE**

_____
**JOEL M. COHEN, J.S.C.**

| **CHECK ONE:** | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**151885/2020   GARCIA HERNANDEZ, ANA vs. ABM INDUSTRIES, INC.**
**Motion No.  004**

**Page 10 of 10**

10 of 10

[* 10]