**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  LITHIUM ION BATTERIES ANTITRUST LITIGATION, | No.    17-17367 |
| ------------------------------ | D.C. No. 4:13-md-02420-YGR |
| INDIRECT PURCHASER PLAINTIFFS, | MEMORANDUM* |
| Plaintiff-Appellee, | |
| v. | |
| MICHAEL FRANK BEDNARZ, | |
| Objector-Appellant, | |
| v. | |
| PANASONIC CORPORATION; PANASONIC CORPORATION OF NORTH AMERICA; SANYO ELECTRIC CO, LTD; SANYO NORTH AMERICA CORPORATION; HITACHI, LTD.; HITACHI MAXWELL, LTD.; MAXWELL CORPORATION OF AMERICA; TOSHIBA CORPORATION; TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.; NEC | |

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

CORPORATION; SAMSUNG SDI CO. LTD.; SAMSUNG SDI AMERICA, INC.; SONY CORPORATION; SONY ENERGY DEVICES CORPORATION; SONY ELECTRONICS, INC.; NEC TOKIN CORPORATION; LG CHEM, LTD.; LG CHEM AMERICA, INC.,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted August 28, 2019
Seattle, Washington

Before: HAWKINS, McKEOWN, and BYBEE, Circuit Judges.

The district court certified a nationwide settlement class and approved settlement agreements between Indirect Purchaser Plaintiffs ("IPP") and defendants LG Chem, Limited; LG Chem America, Incorporated; Hitachi Maxell, Limited; Maxell Corporation of America; and NEC Corporation. The district court approved IPP's plan to distribute the settlement fund pro rata to settlement class members, regardless of whether their claim(s) arose in *Illinois Brick* repealer or non-repealer states. Michael Bednarz, an objecting class member, appeals.

In the context of a class-action settlement, a district court must give "undiluted, even heightened, attention" to Rule 23's requirements because the

court "will lack the opportunity . . . to adjust the class, informed by the proceedings as they unfold." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). When a class-action settlement agreement is negotiated prior to class certification, we rigorously enforce Rule 23's procedural requirements. *Allen v. Bedolla*, 787 F.3d 1218, 1223 (9th Cir. 2015). "To survive appellate review, the district court must show it has explored comprehensively all factors, and must give a reasoned response to all non-frivolous objections." *Id.* at 1223–24 (quoting *Dennis v. Kellogg Co.*, 697 F.3d 858, 864 (9th Cir. 2012)) (internal quotation marks omitted).

Here, the district court did not explain why a nationwide class should be certified and a pro rata distribution plan approved despite substantial differences in state law between repealer and non-repealer states. The final approval order merely paraphrases Rule 23 and concludes that the Rule's requirements are met. Similarly, the district court summarily overruled Bednarz's objections, finding "the settlement, and the pro rata allocation among settlement class members, fair and adequate despite these differences [in state law]."

The district court's analysis of Rule 23's requirements was cursory, as was its overruling of Bednarz's *Illinois Brick* objections. A more fulsome analysis is required. This is especially true given the district court's suggestion in a previous

order denying certification of a nationwide class that California's *Illinois Brick* repealer law likely would not apply to class members from non-repealer states. Our concerns are also magnified by the district court's recent approval of another set of settlement agreements whose distribution plans specifically account for the difference between repealer and non-repealer states.

We express no opinion on whether the representation, settlement class, and settlement agreements satisfy Rule 23. Instead, we "vacate and remand to allow the district court to properly exercise its discretion" consistent with Rule 23's rigorous procedural requirements. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 950 (9th Cir. 2011).

We **VACATE** the district court's final approval order and **REMAND** for further proceedings. Each party shall bear its own costs on appeal.