**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 20 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHAHRIAR JABBARI; KAYLEE HEFFELFINGER, on behalf of themselves and all others similarly situated, | No.  18-16213 |
| Plaintiffs-Appellees, | D.C. No. 3:15-cv-02159-VC |
| v. | |
| CHAD MICHAEL FARMER, | MEMORANDUM* |
| Objector-Appellant, | |
| v. | |
| WELLS FARGO & COMPANY; WELLS FARGO BANK, N.A., | |
| Defendants-Appellees. | |

| | |
|---|---|
| SHAHRIAR JABBARI; KAYLEE HEFFELFINGER, on behalf of themselves and all others similarly situated, | No.  18-16223 |
| Plaintiffs-Appellees, | D.C. No. 3:15-cv-02159-VC |
| v. | |

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

BARBARA COCHRAN,

          Objector-Appellant,

  v.

WELLS FARGO & COMPANY; WELLS
FARGO BANK, N.A.,

          Defendants-Appellees.

---

SHAHRIAR JABBARI; KAYLEE
HEFFELFINGER, on behalf of themselves
and all others similarly situated,

          Plaintiffs-Appellees,

  v.

LYDIA LABELLE DE RIOS,

          Objector-Appellant,

  v.

WELLS FARGO & COMPANY; WELLS
FARGO BANK, N.A.,

          Defendants-Appellees.

No.   18-16236

D.C. No. 3:15-cv-02159-VC

---

SHAHRIAR JABBARI; KAYLEE
HEFFELFINGER, on behalf of themselves
and all others similarly situated,

          Plaintiffs-Appellees,

No.   18-16284

D.C. No. 3:15-cv-02159-VC

2

v.

MIKE MURPHY,

       Objector-Appellant,

v.

WELLS FARGO & COMPANY; WELLS
FARGO BANK, N.A.,

       Defendants-Appellees.

---

SHAHRIAR JABBARI; KAYLEE
HEFFELFINGER, on behalf of themselves
and all others similarly situated,

       Plaintiffs-Appellees,

v.

CHARLES DARBYSHIRE, Guardian of
Roy Geiersbach,

       Objector-Appellant,

v.

WELLS FARGO & COMPANY; WELLS
FARGO BANK, N.A.,

       Defendants-Appellees.

No.    18-16285

D.C. No. 3:15-cv-02159-VC

| | |
|---|---|
| SHAHRIAR JABBARI; KAYLEE HEFFELFINGER, on behalf of themselves and all others similarly situated, | No. 18-16315 |
| | D.C. No. 3:15-cv-02159-VC |
| Plaintiffs-Appellees, | |
| JILL PIAZZA, | |
| Objector-Appellant, | |
| v. | |
| WELLS FARGO & COMPANY; WELLS FARGO BANK, N.A., | |
| Defendants-Appellees. | |

| | |
|---|---|
| SHAHRIAR JABBARI; KAYLEE HEFFELFINGER, on behalf of themselves and all others similarly situated, | No. 18-16317 |
| | D.C. No. 3:15-cv-02159-VC |
| Plaintiffs-Appellees, | |
| v. | |
| SCOTT JOHNSTON, | |
| Objector-Appellant, | |
| v. | |
| WELLS FARGO & COMPANY; WELLS FARGO BANK, N.A., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Argued and Submitted February 13, 2020
San Francisco, California

Before: GOULD and MURGUIA, Circuit Judges, and FEINERMAN,** District Judge.

Objectors Chad Michael Farmer, Barbara Cochran, Lydia LaBelle de Rios, Mike Murphy, Charles Darbyshire, Jill Piazza, and Scott Johnston appeal the district court's certification of the settlement class, approval of the settlement, award of attorney's fees, and approval of notice. We have jurisdiction under 28 U.S.C. § 1291. Reviewing certification, settlement approval, and attorney's fees for an abuse of discretion, *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 942 (9th Cir. 2015), and notice *de novo*, *Roes, 1–2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1043 (9th Cir. 2019), we affirm.[1]

The district court did not abuse its discretion in certifying the class. First, Plaintiffs' claim under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et*

---

**     The Honorable Gary Feinerman, United States District Judge for the Northern District of Illinois, sitting by designation.

[1] We affirm the district court's holding that the class satisfied Rule 23(b)(3)'s predominance requirement in a separate opinion. Because the parties are familiar with the facts and procedural history of the case, we recite only those facts necessary to decide this appeal.

5

*seq.*, satisfied commonality, Fed. R. Civ. P. 23(a)(2), because Plaintiffs could prove the claim on an institutional level. *Compare Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350–52 (2011), *with Vaquero v. Ashley Furniture Indus., Inc.*, 824 F.3d 1150, 1153–54 (9th Cir. 2016). Second, the class representatives and their counsel satisfied adequacy. Fed. R. Civ. P. 23(a)(4). The district court did not abuse its discretion in determining that class counsel's representation was competent, vigorous, and strategically sound despite foregoing state-law claims because the FCRA claim had distinct certification and recovery advantages. Class counsel's decision was a reasonable strategic choice. Nor did the existence of potential state-law claims create conflicts of interest necessitating subclasses. The structure of the settlement, under which class members are reimbursed for their out-of-pocket costs and any remaining funds are distributed pro rata, ensured that any potential intraclass competition was avoided.

The district court did not abuse its discretion in determining that the settlement was "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The settlement exhibited none of the telltale signs of collusion. *See Allen v. Bedolla*, 787 F.3d 1218, 1224 (9th Cir. 2015) (noting that signs of collusion include disproportionate distribution of settlement funds, clear-sailing arrangements, and reversion of unclaimed fees to the defendant). None of the Objectors' arguments regarding collusion merit reversal. For example, that the settlement was announced

6

contemporaneously with Wells Fargo's settlement with the City of Los Angeles and the Consumer Financial Protection Bureau does not compel a finding of collusion.

Moreover, the district court did not abuse its discretion in assessing the general reasonableness of the settlement. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 963 (9th Cir. 2009) (listing factors that the district court may consider when assessing reasonableness). This case involved novel legal issues, especially regarding the credit damages, and class counsel's efforts led to a recovery well above the estimated actual damages that Wells Fargo caused the class. Objectors' arguments about the size of other settlements beyond this case, about potential recovery under state-law claims, and about the need for formal discovery do not demonstrate that the district court abused its discretion in approving the settlement.

Notice was reasonable. *See* Fed. R. Civ. P. 23(e)(1)(B). Only "the best notice that [wa]s practicable under the circumstances" was required. *SFBSC Mgmt.*, 944 F.3d at 1045 (quoting Fed. R. Civ. P. 23(c)(2)(B)). Here, the Notice Plan included advertisements to the general public, messages to millions of current and former customers, messages to potential class members identified by an independent consultant, and social media campaigns. No notice plan is perfect, but perfection is not required. *See Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1128–29 (9th Cir. 2017).

Finally, the district court did not abuse its discretion in determining that the attorney's fees were reasonable. District courts may use either the fund-percentage method or the lodestar method to assess attorney's fees. *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 570–71 (9th Cir. 2019) (en banc). The court properly awarded fees well below the 25% benchmark, finding, among other things, that class counsel achieved substantial results, including a recovery well above actual damages, that the arbitration and certification issues presented risk, and that the fees were comparable to awards made in similar cases. *See id.* None of the Objectors' arguments compel a holding that the district court abused its wide discretion in awarding fees. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048–50 (9th Cir. 2002).

**AFFIRMED.**